ANN K. JOHNSTON, ESQ. (SBN 145022)
(e-mail: ajohnston@bergerkahn.com)
DENISE A. RUELAS, ESQ. (SBN 135777)
(e-mail: druelas@bergerkahn.com)
BERGER KAHN
A Law Corporation
7200 Redwood Boulevard, Suite 325
Novato, CA 94945
Tel: (415) 899-1770 • Fax: (415) 899-1769

Attorneys for Defendant
HARTFORD CASUALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| LAWRENCE CASO; CASO TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, and DOES 1 to 10,<br><br>Defendants. | CASE NO. 2:07-cv-00101-FCD-DAD<br><br>**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS AND OTHER INFORMATION**<br><br>DATE ACTION FILED: 12/14/2006<br>TRIAL DATE: 5/20/2008 |

IT IS HEREBY STIPULATED AND AGREED by and between and among Plaintiffs Lawrence Caso and Caso Trust and Defendant Hartford Casualty Insurance Company, referred to collectively as "the parties," by and through their respective attorneys of record, as follows:

Confidential Information. This protective order shall apply to any and all information and documents provided or produced during this action designated as "confidential." Information designated as "confidential" shall be designated as such at the time it is produced: documents designated as "confidential" will contain a stamp or

1  other inscription that states "Confidential" and the case number – "For Use Only in
2  USDC, Eastern District of California, Sacramento, Case No. 2:07-cv-00101-FCD-DAD."
3     For information not reduced to written material, document, or other tangible item,
4  or information that cannot be conveniently designated as set forth in this paragraph,
5  Defendant will designate the information as "confidential" by giving written notice to all
6  the other parties to this action at the time the information is produced.  The written notice
7  will clearly identify that part of the information being produced that is designated as
8  confidential.
9     By designating a document or information as "confidential," the party providing or
10 producing the information or document is certifying to the Court that there is a good faith
11 basis both in law and in fact for the designation.
12    <u>Dissemination of Confidential Information</u>.  Any and all information designated as
13 "confidential" as indicated above will not be disseminated in any manner with the
14 exception that this information and documents may be reviewed and used as evidence
15 subject to applicable objections and the protections provided for in this stipulation, by the
16 attorneys, attorneys' staff, parties, and experts involved in this action.  This stipulation
17 and order shall be binding on all partners, staff and employees in the attorneys' offices.  If
18 "confidential" information and/or documents are disclosed to the parties or parties'
19 experts, such recipients must agree to the terms of this stipulated protective order and
20 sign a confidentiality agreement in the form of Attachment "A" to this stipulation and
21 order, stating that he or she has read and understands the terms of this stipulation and
22 order and agrees to be bound by its terms.  The person's signature shall be and hereby is
23 intended to cover employees of such persons to whom it is necessary that the information
24 and/or documents be disclosed for purposes of this action.  Each person to whom
25 disclosure of "confidential" information and/or documents is made agrees to be subject to
26 the jurisdiction of this Court solely for purposes of proceedings relating to that person's
27 performance under, compliance with, or violation of this order.   The original executed
28 Confidentiality Agreement shall be maintained by the attorney of record for the party

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

causing the disclosure, and shall be made available for inspection by any other party after the dismissal of this action or upon order of the Court.  Counsel may not use documents and/or information designated as "confidential" in connection with any other litigation they are handling other than the present matter.

<u>Use of Confidential Information and Documents</u>.  Any information or documents designated as "confidential" will be handled by all parties who receive copies of said information and/or documents, in accordance with the terms of this stipulation and order. Information and documents designated as "confidential" will be held in confidence by the parties and will be used by the parties for purposes of this action and trial only.

<u>Court Proceedings.</u>  Any party seeking to file with the Court pleadings, motions, or other documents that contain or annex "confidential" information and/or documents is required to comply with Local Rule 39-141 as necessary to file such pleadings, motions, and/or other documents under seal.  Any Court hearing or other proceeding that refers to or describes "confidential" information and/or documents will be held in camera in the Court's discretion.

<u>Subpoenas</u>.  If any person or party receives a subpoena or other process or order to produce any "confidential" information and/or documents in that person or party's possession, custody, or control, that person or party will promptly:

    (a)    Notify in writing all attorneys of record;

    (b)    Furnish those attorneys with a copy of the subpoena or other process of order; and

    (c)    Provide reasonable cooperation with respect to a procedure to protect the "confidential" information and/or documents sought.  If Defendant makes a motion to quash or modify the subpoena, process, or order, there will be no disclosure, process, or order until the Court has ruled on the motion, and then only in accordance with the ruling.  If no motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order will be entitled to comply with it if the person or party has fulfilled its obligations under this order.

<u>Objections</u>.  In addition, all "confidential" information and/or documents are produced subject to objections that the production of such documents is burdensome and oppressive, that such documents contain information protected by the attorney-client and/or attorney work product privileges, that such documents contain proprietary information and/or information which is trade secret, and that such documents contain information which is not relevant to the subject matter of this action nor likely to lead to the discovery of admissible evidence.

Production of "confidential" documents or information should in no way be deemed an adoption by the party producing such document or information of the requesting party's conclusions regarding how this information may be utilized by the producing party or the relevance of this information.  Absent a stipulation of all parties, the fact that information and/or documents have been designated as "confidential" under this order will not be admissible during the trial of this action, nor will the jury be advised of this designation.

<u>Return of Information and Documents</u>

Upon conclusion of this litigation, all copies of any and all information and/or documents designated as "confidential" will be returned to counsel for the producing party.  This includes all future copies of said documents subsequent to the production referenced herein.

DATED:   July 12   , 2007.

By:   /s/ Andrew D. Woll   
as authorized on 7/12/2007
Andrew D. Woll
Attorney for Plaintiffs
Lawrence Caso and Caso Trust

DATED:   July 12   , 2007.   BERGER KAHN
A Law Corporation


By:         /s/ Denise A. Ruelas   
Denise A. Ruelas, Esq.
Attorneys for Defendant
Hartford Casualty Insurance Company

4

Stipulation and Protective Order                    Case No.: 2:07-cv-00101-FCD-DAD
Re Confidentiality of Documents and Other Information

**ORDER**

Having reviewed and considered the foregoing Stipulation of the parties, and good cause appearing for the same,

IT IS SO ORDERED.

DATED: November 13, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.civil/caso0101.ord

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

5
Stipulation and Protective Order                    Case No.: 2:07-cv-00101-FCD-DAD
Re Confidentiality of Documents and Other Information

# ATTACHMENT "A"

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| | |
|---|---|
| LAWRENCE CASO; CASO TRUST,<br><br>                    Plaintiffs,<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, and DOES 1 to 10,<br><br>                    Defendants. | CASE NO. 2:07-cv-00101-FCD-DAD<br><br>**CONFIDENTIALITY AGREEMENT PURSUANT TO PROTECTIVE ORDER**<br><br>DATE ACTION FILED:   12/14/2006<br>TRIAL DATE:                5/20/2008 |

The undersigned hereby acknowledges having read the Stipulation and Protective Order agreed to by the parties and entered by the Court in the above-entitled action. The undersigned understands the terms thereof and agrees to be bound by such terms.

In particular, the undersigned understands that the terms of the Stipulation and Protective Order obligate the undersigned to use "confidential" information and/or documents solely for the purposes of this action and any considerations of settlement hereof, and to not disclose any "confidential" information and/or documents to any other person, firm or concern not known to be bound by the Stipulation and Protective Order.

PRINTED NAME:

ADDRESS:

PHONE NUMBER:

Dated: _____        _____
                                                                                  (Signature)

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945