UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LAWRENCE CASO; CASO TRUST,

        Plaintiffs,

   v.

HARTFORD CASUALTY INSURANCE COMPANY, and DOES 1 to 10,

        Defendants.

CASE NO. S-07-101 FCD/DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter comes before the court on plaintiffs Lawrence Caso and Caso Trust's ("plaintiffs") motion to modify the pretrial scheduling order to permit amendment of their

////
////
////
////
////

complaint.[1]  Fed. R. Civ. P. 16(b).  For the reasons set forth below,[2] plaintiffs' motion is DENIED.

By a first amended complaint, plaintiffs seek to add a seventh cause of action against defendant Hartford Casualty Company ("Hartford") for reformation of the subject insurance policy to add Lawrence Caso as a named insured.  (Proposed First Amended Compl., filed Jan. 7, 2008, ("PFAC"), ¶ 29).  Hartford contends in January 2005, Lawrence Caso requested to change the named insured on Hartford's policies from Lawrence A. Caso and Caso Trust to "Caso Family Trust UA Dated 9-20-90."  (Johnston Dec., ¶ 3 & Ex. A, filed Jan. 18, 2008).  Plaintiffs assert Lawrence Caso never intended to remove himself as a named insured and only requested that the word "Family" be added to the insurance policy.  (PFAC, ¶ 28).

Plaintiffs admit Hartford produced the policy change endorsement, evidencing Lawrence Caso's removal as a named insured, to plaintiffs on March 30, 2007, as part of Hartford's mandated initial disclosures, pursuant to Fed. R. Civ. P. 26.  (Reply, filed Feb. 8, 2008, at 1).  However, plaintiffs assert

---

[1] At times in their motion papers, plaintiffs improperly move for relief pursuant to Fed. R. Civ. P. 15(a).  As a scheduling order is in place in this case, the court construes plaintiffs' motion as a request for relief pursuant to Fed. R. Civ. P. 16(b).  Once the court has entered a pretrial scheduling order pursuant to Rule 16, the standards of Rule 16 rather than Rule 15 govern amendment of the pleadings in the first instance.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1232-33 (E.D. Cal. 1996).

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

2

the "importance" of this document was "unknown and unappreciated" until the deposition of Stephen Shortes on September 25, 2007, nearly six months later, and thus, they have acted diligently in only now moving to amend their complaint. (Reply at 1:27-2:1).

On April 17, 2007, this court entered a pretrial scheduling order which expressly included citation to Rule 16 and the requirement to show good cause to justify amendment of the pleadings. Fed. R. Civ. P. 16(b) (providing that pretrial orders entered before the final pretrial conference may be modified only "upon a showing of good cause"). The good cause requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. The pretrial scheduling order can only be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Mammoth Recreations, 975 F.2d at 609. When evaluating whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end." Id. at 610; see also Gestetner, 108 F.R.D. at 141.

When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16

3

scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted).

Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment was proper. See Mammoth Recreations, 975 F.2d at 608; Eckert Cold Storage, 943 F. Supp. at 1232 n.3.

Here, plaintiffs have not demonstrated good cause under Rule 16 to permit amendment of their complaint to add a reformation cause of action against Hartford. Plaintiffs have failed to demonstrate they were diligent in reviewing the documents Hartford produced, on March 30, 2007, as part of its initial disclosures. Plaintiffs concede those initial disclosures provided notice that Lawrence Caso was removed as a named insured on the subject policy. Yet, plaintiffs maintain their counsel did not become aware of the "importance" of the policy change until the deposition of Stephen Shortes, on September 25, 2007, during which he produced documents again reflecting that Lawrence Caso had been removed as a named insured on the policy and he was questioned by plaintiffs' counsel regarding the same. (Supp. Woll Decl., filed Jan. 30, 2008). Mr. Shortes is the Hartford representative who sold Lawrence Caso the relevant policy. Plaintiffs' counsel states that only upon review of these documents produced by Mr. Shortes and as a result of Mr. Shortes'

deposition testimony did he become "fully" aware of the policy change endorsement, removing Lawrence Caso.

Counsel's conduct and explanation therefor is insufficient to demonstrate good cause to permit amendment of the pleadings at this late stage in the litigation, where discovery has long since closed and the dispositive motion deadline is set for March 21, 2008.  (Mem. & Order, filed Dec. 12, 2007).  Apparently, plaintiffs' counsel simply failed to review, with the requisite degree of detail, Hartford's initial document production.  Counsel's "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  See Mammoth Recreations, 975 F.2d at 609.  What was later discussed at Mr. Shortes' deposition was not *new* information; indeed, plaintiffs do not dispute the relevant information was provided by Hartford on March 30, 2007.  There is simply no justifiable reason for plaintiffs delay in failing to seek leave to amend until January 2008.  Moreover, even were the court to accept counsel's explanation and assume plaintiffs' had no basis to act until September 25, 2007, plaintiffs have wholly failed to explain why they did not move to amend for three months.  During this time, the court considered a motion by Hartford to modify the pretrial scheduling order to extend the discovery and dispositive motion deadlines.  (Mem. & Order, filed Dec. 12, 2007).  Plaintiffs opposed the motion but did not mention any desire to amend their complaint.  Only on January 7, 2008 did they move the court to permit an amendment.

5

Under these circumstances, plaintiffs have failed to satisfy the threshold "diligence" requirement of Rule 16, and thus, their motion must be DENIED.  As a result, the court need not reach whether the substantive amendment is proper or futile, as argued by Hartford, under Rule 15.[3]

IT IS SO ORDERED.

DATED: February 15, 2008

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] On the issue of futility, Hartford filed a request for oral argument, following the court's submission of the matter on the briefs.  (Docket #50, filed Feb. 4, 2008; Minute Order, filed Feb. 4, 2008).  The court denied Hartford's request but accepted, over plaintiffs' objection, Hartford's filing (Docket #50) as a sur-reply on the motion.  (Minute Order, filed Feb. 5, 2008).  Ultimately, the court did not reach the issues discussed in the sur-reply.

6